■ In the Matter of PATRICIA INVERSA, Respondent, v NICHOLAS INVERSA, Appellant. [740 NYS2d 232] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Trainor, J.), entered January 11, 2001, which denied his objections to and affirmed a determination of the Suffolk County Department of Social Services Support Collection Unit, dated

November 15, 2000, which, inter alia, suspended his driving privileges.

Ordered that the order is affirmed, with costs.

Pursuant to Family Court Act § 458-a, the Family Court may enforce a child support order by directing the Department of Motor Vehicles to suspend a support obligor's driving privileges, provided, inter alia, that the obligor has accumulated arrears equivalent to or greater than the amount of current support due for a period of four months (*see also* Social Services Law § 111-b [12] [b] [1]; Domestic Relations Law § 244-b [a]). Contrary to the appellant's contention, the support arrears were accumulated after the support order in question went into effect. Therefore, the arrears do not constitute "retroactive support" for the purposes of this proceeding (Family Ct Act § 458-a [a]). Accordingly, the Family Court properly denied the appellant's objections to and affirmed the determination of the Suffolk County Support Collection Unit that the appellant was in default pursuant to Family Court Act § 458-a and that his driving privileges could be suspended (*see* Family Ct Act § 449; Domestic Relations Law § 244-b [a]; *see also Matter of Kennedy v Kennedy,* 251 AD2d 407, 409; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 244-b, at 600).

The appellant's remaining contentions are without merit. Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.